UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERIC FARRAR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:24-cv-01675-JAR |
| | ) |
| ST. LOUIS CITY JUSTICE CENTER and | ) |
| ST. LOUIS CHIEF OF POLICE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Self-represented Plaintiff Eric Farrar brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is now before the Court upon Plaintiff's motion for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $1.70. *See* 28 U.S.C. § 1915(b)(1). As Plaintiff is now proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915. Based on such review, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). As such, Plaintiff's pending motions for appointment of counsel will be denied as moot.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month

period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff is currently being held at the Northeast Correctional Center ("NECC") in Bowling Green, Missouri. ECF No. 1-3. In his signed and sworn motion, Plaintiff states that he earns $8.50 a month with his prison job, but he currently has no savings in his prison account. ECF No. 2 at 1-2. As of this date, no certified account statement has been filed in support of Plaintiff's motion.[1] Based on the financial information provided, the Court finds that Plaintiff has insufficient funds to pay the entire filing fee and will therefore assess an initial partial filing fee of $1.70, which is twenty percent of Plaintiff's average monthly deposit. *See* 28 U.S.C. § 1915(b)(1). If Plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district

---

[1] Plaintiff filed a letter with the Court stating, among other things, that he has been unable to get a copy of his inmate account statement after several attempts. *See* ECF No. 5 at 1.

court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

### Plaintiff's Background

Although Plaintiff is currently incarcerated at NECC, the allegations of his Complaint involve an incident which occurred while he was being held at the St. Louis City Justice Center in March 2023. ECF No. 1 at 3. Plaintiff's Complaint—signed in December 2024—states his prisoner status as "pretrial detainee." *Id.* at 2. However, independent review of Plaintiff's criminal history on Missouri Case.net, the State of Missouri's online docketing system, seems to indicate that Plaintiff was being held on a probation violation in March 2023. *See State v. Farrar*, No. 2122-CR01201-01 (22nd Jud. Cir.). As best the Court can decipher from Plaintiff's state court criminal history, Plaintiff was not awaiting a trial on any pending criminal charges at that time. He pled guilty in November 2022 to third-degree assault, received a suspended imposition of

sentence, and was placed on probation for a period of three (3) years. On February 9, 2023, the St. Louis City Circuit Court found that Plaintiff had violated a condition of his probation and issued a warrant for his arrest. It appears that Plaintiff was arrested soon after the warrant issued and was held at the St. Louis City Justice Center until his probation was reinstated on April 24, 2023.

However, a few weeks after his probation was reinstated, Plaintiff was charged in St. Louis County Circuit Court with stealing. *See State v. Farrar*, No. 22SL-CR01530-01 (21st Jud. Cir. filed May 9, 2023). Plaintiff pled guilty on January 25, 2024, and was sentenced to the Missouri Department of Corrections for a period of four (4) years, to run concurrently with other criminal sentences. On May 2, 2024, Plaintiff was denied release on probation. It appears that Plaintiff was still serving this state court sentence when he filed the instant suit in December 2024.

## The Complaint

Plaintiff names two defendants in his Complaint brought under 42 U.S.C. § 1983: (1) the St. Louis City Justice Center; and (2) the St. Louis Chief of Police.[2] ECF No. 1 at 1-3. According to Plaintiff, in March 2023, Plaintiff was stabbed multiple times while in protective custody at the St. Louis City Justice Center. *Id.* at 3. Plaintiff suffered ten (10) stab wounds, which were treated at a local hospital. *Id.* Plaintiff does not provide any information or context for the stabbing incident, nor does he state who stabbed him. Plaintiff simply alleges that defendants failed to protect him, and he seeks an unspecified amount of monetary damages. *Id.* at 4-6. Plaintiff filed a grievance about this incident at the St. Louis City Justice Center and an investigation was started. *Id.* at 5-6. He does not state what the result of the investigation, if any, was.

---

[2] Plaintiff lists "Et. al." after the two defendants' names in the caption of his complaint. ECF No. 1 at 1. This phrase comes from Latin and means "and others." *See Merriam-Webster Dictionary*, http://merriamwebster.com/dictionary/et al. (last visited Mar. 31, 2025). However, because Plaintiff has not identified any other defendants, the Court construes Plaintiff's Complaint as being brought only against the two defendants identified by name.

**Discussion**

Based on a careful review and liberal construction of Plaintiff's Complaint, the Court finds that this case must be dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B). As discussed below, St. Louis City Justice Center is not a suable defendant in a § 1983 action. As to defendant St. Louis Chief of Police, Plaintiff makes no claim of wrongdoing on the part of the Chief and asserts no actions personally taken by the Chief that indicate that the Chief was personally involved in a failure to protect Plaintiff from the March 2023 stabbing. Finally, even if Plaintiff had named an individual defendant personally involved in his March 2023 custody at the St. Louis City Justice Center, Plaintiff does not provide any factual allegations suggesting that any such defendant failed to protect him.

## I.    Defendant St. Louis City Justice Center

Plaintiff's Complaint fails to state a § 1983 claim against the St. Louis City Justice Center because jails and local government detention centers are not suable entities. *See De La Garza v. Kandiyohi Cnty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001) (holding that neither county jail nor sheriff's department is a suable entity under § 1983); *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such"). As such, claims against defendant St. Louis City Justice Center must be dismissed. *See Ballard v. Mo.*, No. 4:13CV528 JAR, 2013 WL 1720966, at *3 (E.D. Mo. April 22, 2013) (dismissing claims against the St. Louis City Justice Center as a non-suable entity); *Wallace v. St. Louis City Justice Ctr.*, No. 4:12CV2291 JAR, 2013 WL 3773971, at *2 (E.D. Mo. July 17, 2013) (same).

## II.    Defendant St. Louis Chief of Police

"Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin*

- 5 -

*v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights). Furthermore, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015) (internal citations omitted).

In this case, Plaintiff provides no facts suggesting that the St. Louis Chief of Police had any personal involvement in his March 2023 custody. In fact, the Chief of Police is not mentioned anywhere in Plaintiff's 'Statement of Claim.' Plaintiff does assert that the "St. Louis Police Dept. failed to provide protection to [him]." ECF No. 1 at 4. But there are no allegations specific to the Chief of Police which indicate that he or she was personally involved in or directly responsible for Plaintiff getting stabbed. The Chief of Police is personally liable for his or her own misconduct. No misconduct on the Chief's part is asserted here.

Because § 1983 requires personal liability, and Plaintiff provides no facts indicating that the Chief of Police was personally involved in any misconduct that led to him being stabbed, claims against the Chief of Police must be dismissed for failure to state a claim. *See also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of *pro se* complaint against defendants who were merely listed as defendants in the complaint and there were no allegations of constitutional harm against them).

## III. Eighth Amendment Failure to Protect Claim Generally

Even if Plaintiff had named a suable defendant in his Complaint that he asserted was personally involved in a violation of his rights, the facts alleged are not enough to find that any individual failed to protect Plaintiff. The Supreme Court has made it clear that the Eighth Amendment encompasses an inmate's right to be protected from harm by fellow inmates. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). As such, prison officials must take reasonable measures to

guarantee inmate safety and protect prisoners from violence by other inmates. *Berry v. Sherman*, 365 F.3d 631, 633-34 (8th Cir. 2004) (citing *Farmer*, 511 U.S. at 832-33). There are limitations to this guarantee, however, as "prison officials violate the Eighth Amendment only when they exhibit a deliberate or callous indifference to an inmate's safety." *Patterson v. Kelley*, 902 F.3d 845, 851 (8th Cir. 2018) (internal quotations and citation omitted).

"A failure-to-protect claim has an objective component, whether there was a substantial risk of harm to the inmate, and a subjective component, whether the prison official was deliberately indifferent to that risk." *Curry v. Crist*, 226 F.3d 974, 977 (8th Cir. 2000). "A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." *Lenz v. Wade*, 490 F.3d 991, 995 (8th Cir. 2007) (quoting *Farmer*, 511 U.S. at 837).

Here, Plaintiff provides no details on the stabbing incident except to say that he was in protective custody at the time, he suffered ten (10) stab wounds, and he received treatment at a local hospital. ECF No. 1 at 3. There are no facts alleged that indicate that any potential defendant knew about a substantial risk of harm to Plaintiff and was deliberately indifferent to that risk.

Although self-represented complaints must be liberally construed, *Erickson*, 551 U.S. at 94, nevertheless, such pleadings cannot be conclusory, and must set forth facts that, taken as true, state a claim as a matter of law. *Johnson v. Stark*, 717 F.2d 1550, 1552 (8th Cir. 1983). A court will not supply additional facts or create a legal theory assuming facts that have not been pleaded. *Stone*, 364 F.3d at 914. The Court "is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002). To state a plausible cause of action, "[a] pleading that merely pleads . . . naked assertions devoid of factual enhancement will not suffice." *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010).

In this case, Plaintiff concludes that the police failed to protect him. But he provides no facts in support of this assertion. "As prisons are inherently dangerous environments," not every injury suffered by a prisoner at the hands of another inmate, is grounds for constitutional liability. *Vandevender v. Sass*, 970 F.3d 972, 976 (8th Cir. 2020) (citing *Farmer*, 511 U.S. at 834). As such, Plaintiff's claims are subject to dismissal for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED.** *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $1.70 within **thirty (30) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding. *See* 28 U.S.C. § 1915(b)(1).

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the Complaint as to any defendant because the Complaint fails to state a claim upon which relief can be granted. Plaintiff's claims are **DISMISSED without prejudice.** *See* 28 U.S.C. § 1915(e)(2)(B). An Order of Dismissal will issue separately.

**IT IS FURTHER ORDERED** that Plaintiff's motions for appointment of counsel [ECF Nos. 3 & 4] are **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 2nd day of April, 2025.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE